**DENIED and Opinion Filed July 25, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00686-CV**

**IN RE ENERGY TRANSFER LP (FORMERLY KNOWN AS ENERGY TRANSFER OPERATING, L.P.) AND ETC TEXAS PIPELINE, LTD., Relators**

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-03837**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Breedlove

Before the Court is relators' July 12, 2023 petition for writ of mandamus wherein relators challenge a trial court's purported ruling granting a motion to compel the deposition of Kelcy Warren (an apex deposition). Also before the Court is relators' July 13, 2023 emergency motion to stay.

Relators' petition does not comply with the Texas Rules of Appellate Procedure. The rules require relators to include with their petition "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A); *see also* TEX. R. APP. P. 52.7(a)(1).

The rules also require relators to file with their petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2).

Here, relators state that "[o]n June 29, 2023, the [trial court] granted [the real parties in interest's] motion to compel and ordered the deposition of Mr. Warren. An order has not been signed yet, but the parties agreed as to the form of an order and submitted it to the court on July 10." Relators' attorney testified in a declaration filed with their petition that the trial court made "an oral ruling" on June 29, 2023, indicating that there was a hearing on the motions at issue on that date.

Relators cite no authority and make no argument explaining why this Court may grant mandamus relief based on an unsigned proposed order, even if the parties signed the proposed order as agreed as to form. As of the date of this opinion, relators have not supplemented the record with an order, if any, signed by the trial court. Although this Court may grant mandamus relief based on an oral pronouncement in some instances, *see In re Oncor Elec. Delivery Co., LLC*, No. 05-23-000283-CV, 2023 WL 2643630, at *1 (Tex. App.—Dallas Mar. 27, 2023, orig. proceeding) (mem. op.), relators also have not provided the Court with a reporter's record of the June 29, 2023 hearing at which the oral ruling was made. Additionally, relators provided neither a transcript of any relevant testimony adduced at that hearing nor the alternative statement required by rule 52.7(a)(2).

–2–

Regardless, even if relators cured these defects, entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that relators lack an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). After reviewing relators' petition, the response,[1] and the record before us,[2] we conclude that relators failed to demonstrate a clear abuse of discretion.

Accordingly, we deny relators' petition. *See* TEX. R. APP. P. 52.8(a).

We also deny relators' emergency motion as moot.

230686f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

---

[1] The Court received a response to the petition for writ of mandamus from two real parties in interest without the Court requesting a response.

[2] The Court has not considered the documents real parties in interest filed with their response to supplement the mandamus record. The record before us does not reflect that those documents were part of the briefing before the trial court when it purportedly ruled on real parties in interest's motion to compel.